**Monika MAKELOVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71373.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Ronald G. Finch, Esq., Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Monika Makelova, a native and citizen of Slovakia, petitions for review of the Board

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of Immigration Appeals' summary affirmance without opinion of an Immigration Judge's ("IJ") order denying her applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence, *Ramos–Vasquez v. INS,* 57 F.3d 857, 861 (9th Cir.1995), and we deny the petition for review.

■ The record does not compel the conclusion that the government was unable or unwilling to control the men who attacked and raped Makelova. Makelova testified that she did not report the incident to police and there is no other evidence in the record to show the government was aware of the crimes perpetrated against her. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1078 (9th Cir.2004) (holding that where persecution is inflicted by nongovernmental actors, the court will consider whether an applicant reported the incident to the police, because a report of this nature may show governmental inability to control the actors).

■ As Makelova is unable to meet her burden of proof for asylum, she necessarily fails to meet the higher burden of proof for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the IJ's denial of relief under the CAT. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir. 2003).

The voluntary departure period was stayed, and that stay will expire upon issu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

---

ance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**